# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ELAINE PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIANCE CAS, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.  Plaintiff, Elaine Palmer, is a natural person who resides in Douglas County, Georgia.

2.  Defendant, Alliance CAS, LLC, is a limited liability corporation authorized to do business in Georgia and can be served through its registered agent,

Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of Homeowner Association fees and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant holds itself as, "...a fully licensed third-party collection agency contracted by your Community Association to collect debts on their behalf." See, *www.alliancecas.com/* (Last visited September 14, 2021.)

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has had a number of disputes with the HOA and its collection agents over the years regarding the payment and application of her HOA fees.

14. At some point, Palmer Falls engaged the Defendant to assist it in the collection of outstanding fees that it believed were due. On August 4th, 2021, the Defendant provided the Plaintiff with a document titled, **"Statement of Account Summary"**. A copy of this document is filed herewith as Exhibit 1.

15. A review of this document shows that, when the account was initially placed with Defendant, the amount owed in assessments was $1,420.00.

8/4/2021                                                                 Print Statement of Account



**Statement Of Account Summary**
Date of Notice:  August 4, 2021

Elaine Palmer  
3700 Lindsy Brooke Ct  
Douglasville, Georgia 30135  

Palmer Falls  
Douglas County,  Georgia  

Alliance  
1855 Griffin Rd. Suite A-407  
Dania Beach, Florida 33004  

File No.: PFH-05-GA  
Account #: Palmer, Elaine  

| AMOUNT DUE NOW | | |
|---|---|---|
| Assessments Through: | August 4, 2021 | $1,920.00 |
| | ACAS Collection Fees | $750.00 |
| | HOA Interest | $275.76 |
| | **TOTAL DUE NOW:** | **$2,945.76** |

| Date | Inv # | Description | ACAS Collection Fees | HOA Assessments | HOA Interest | Row Total | Cumulative Total |
|---|---|---|---|---|---|---|---|
| 1/1/18 | 4523543 | Assessments - January 2018 | | 450.00 | | $450.00 | $450.00 |
| 1/1/19 | 3825454 | Assessments - January 2019 | | 485.00 | | $485.00 | $935.00 |
| 1/1/20 | 3825455 | Assessments - January 2020 | | 485.00 | | $485.00 | $1,420.00 |
| 5/1/20 | 801127 | Administrative and Monitoring | | 50.00 | | $50.00 | $1,470.00 |

16.     Exhibit 1 also reveals that as of May 1st, 2020, the Defendant began levying a fee for "Administrative and Monitoring $50.00 per month.  Annualized, these fees equal to 42% of the outstanding debt as originally placed with Defendant.

| | | AMOUNT DUE NOW | | | | | |
|---|---|---|---|---|---|---|---|
| | | Assessments Through: | August 4, 2021 | | | | $1,920.00 |
| | | | ACAS Collection Fees | | | | $750.00 |
| | | | HOA Interest | | | | $275.76 |
| | | | TOTAL DUE NOW: | | | | $2,945.76 |
| Date | Inv # | Description | ACAS Collection Fees | HOA Assessments | HOA Interest | Row Total | Cumulative Total |
| 1/1/18 | 4523543 | Assessments - January 2018 | | 450.00 | | $450.00 | $450.00 |
| 1/1/19 | 3825454 | Assessments - January 2019 | | 485.00 | | $485.00 | $935.00 |
| 1/1/20 | 3825455 | Assessments - January 2020 | | 485.00 | | $485.00 | $1,420.00 |
| 5/1/20 | 801127 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,470.00 |
| 6/1/20 | 1000698 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,520.00 |
| 7/1/20 | 1219826 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,570.00 |
| 8/1/20 | 1409503 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,620.00 |
| 9/1/20 | 1538850 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,670.00 |
| 10/1/20 | 1814556 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,720.00 |
| 11/1/20 | 2078096 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,770.00 |
| 12/1/20 | 2336593 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,820.00 |
| 1/1/21 | 2627345 | Administrative and Monitoring | 50.00 | | | $50.00 | $1,870.00 |
| 1/1/21 | 2629736 | Assessment | | 500.00 | | $500.00 | $2,370.00 |
| 2/1/21 | 2948749 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,420.00 |
| 3/1/21 | 3225644 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,470.00 |
| 4/1/21 | 3492021 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,520.00 |
| 5/1/21 | 3694197 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,570.00 |
| 5/19/21 | 3825456 | Collection Fee Credit per negotiation - JB2 | -50.00 | | | ($50.00) | $2,520.00 |
| 6/1/21 | 3904431 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,570.00 |
| 7/1/21 | 4256683 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,620.00 |
| 8/1/21 | 4502333 | Administrative and Monitoring | 50.00 | | | $50.00 | $2,670.00 |
| 8/4/21 | -99 | TOTAL HOA INTEREST DUE THROUGH Aug 04, 2021: | | | 275.76 | $275.76 | $2,945.76 |
| TOTAL | | | $750.00 | $1,920.00 | $275.76 | $2,945.76 | $2,945.76 |

17.     The HOA's right to charge fees is governed by a document titled Homeowners Association Declaration of Protective Covenants, Conditions, Restrictions and Easements (hereinafter referred to as "the Covenants"), which has been recorded with the Clerk of Superior Court, Douglas County.

18. A copy of the Covenants as executed by the Plaintiff is filed herewith as Exhibit 2.

19. Paragraph 4.2 of the Covenants sets out the circumstances and amount of fees and interest that may be charged by the HOA. It reads, in pertinent part:

"Each Owner …agrees to pay to the Association: (a) general assessments; (b) special assessments; and (c) specific assessments. All such assessments, *together with late charges and interest (at a rate set by the Board of Directors from time to time, but not to exceed the maximum rate permitted by law or (18%) per annum on the principal amount due), and costs of collection, including, without limitation, reasonable attorney's fees actually incurred*,…." Exh. 2, pg. 4 (emphasis added)

20. Nothing in the Covenants provides for the assessment of "Administrative and Monitoring" fees by a collection agency.

21. Plaintiff believes and hereby alleges that the labeling of the monthly $50 charge by the Defendant as reflected on Exhibit 1 is false and intended to mislead the Plaintiff. Plaintiff alleges this is, in reality, a collection fee.

22. The phrases "cost of collection" and "attorney's fees" has been deemed to be synonymous under Georgia law.  See, *Long v. Hogan*, 656 S.E.2d 868, 289 Ga.

App. 347 2008, citing *Commercial Bank and Trust Company of Troup County v. Anderson*, 197 Ga. App. 901, 903-904 (1990).

23. Moreover, where a contract fails to specify a collection fee, Georgia law provides that a "reasonable" fee shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00. O.C.G.A. § 13-1-11.

24. The collection costs sought by the Defendant are unlawful under Georgia law and are not provided for under the controlling contract.

## INJURIES-IN-FACT

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her debt; and the thought of her obligations being so high caused her significant anxiety.

30. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

31. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Defendant's false representations regarding the amount owed adversely impacted the Plaintiff's ability to prioritize her debt payments;

c.) Uncompensated time expended away from work and/or activities of daily living, to confer with Defendant and, later, with counsel regarding the Defendant's collection efforts;

d.) Anxiety and worry caused by the alleged amount of the debt. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

32. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. The Defendant's assessment and attempt to collect the "administration and maintenance" fee of $50.00 per month was unlawful and in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

37. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

38. Defendant's conduct violated 15 U.S.C. § 1692f.

### COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

40. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

41. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

42. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

43. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

44. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

45. Defendant's conduct has implications for the consuming public in general.

46. Defendant's conduct negatively impacts the consumer marketplace.

47. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

48. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

51. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 24th day of September 2021.

### BERRY & ASSOCIATES

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*